THE EASTERN MACHINERY COMPANY, PETITIONER, *v.* UNDER SECRETARY OF WAR, RESPONDENT.

Docket No. 63–R.  Promulgated January 27, 1949.

*Elden McFarland, Esq., C. Chester Guy, Esq.,* and *Harold W. Walker, Esq.,* for the petitioner.

*William V. Crosswhite, Esq.;* and *John F. Wolf, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: Except for the includibility of sales to the Defense Plant Corporation, there was apparent agreement between the petitioner and the respondent, in the administrative stage of this proceeding, as to the gross amount of petitioner's renegotiable sales. Petitioner now concedes that, under *National Electric Welding Machines Co.*, 10 T. C. 49, Defense Plant sales are renegotiable, and it is therefore willing to stand by the figure of $406,691.65 as representing its renegotiable sales. The respondent admits in his answer that he used that figure in making his determination, but he denies the cor-

rectness of the figure and now contends that petitioner's total renegotiable sales greatly exceeded·that amount.

The manner in which the amount of $406,691.65 was determined—a sort of compromise between the respondent's agent and the petitioner's officers—is set out in our findings and need not be repeated here. At that time both sides recognized that not all the included sales would be renegotiable to the extent of 100 per cent because the machines were probably not used by the vendees entirely on war production work; that the excess amount would offset some omitted sales which might, to a small extent, be renegotiable; and that, collectively, $406,691.65 fairly represented the gross amount of petitioner's renegotiable sales. '

Accepting the amount of the renegotiable sales to be $406,691.65, as originally determined by the respondent and now agreed to by the petitioner, we proceed with the consideration of the reasons advanced by petitioner in support of its contention that its excessive profits were a sum very much less than $143,000.

Petitioner contends that the respondent's salary allowance is too low, and that this Court should allow either the full amount of $204,900 actually paid the officers or, at least, the amount of $188,400, which one of petitioner's officers testified to as the amount finally allowed by the Bureau of Internal Revenue in settlement of the tax deficiencies. We find no warrant in the present record for disturbing the respondent's allowance of $125,000 compensation, which, under the circumstances appears to us to be reasonable. While the Renegotiation Act, section 403 (c) (3), provides for the allowance of deductions *of the character* allowed under the Internal Revenue Code, it does not, as the petitioner recognizes, make the determination of the Bureau of Internal Revenue binding as to the amount of any particular deduction. Furthermore, as indicated in our findings, the tax case involved other issues and was settled by stipulation of the parties.

We have taken note of the fact that petitioner's business is speculative and subject to cycles, that risk is involved in its buying and selling operations, that considerable capital is employed in the business, and that petitioner carries its own inventory risk. We think, however, that the determination of the respondent allows the petitioner an adequate return to compensate it for these factors. While the profits remaining to the petitioner after deducting the excessive portion might appear somewhat small, percentagewise, by prewar standards, in view of the tremendous volume induced undoubtedly by the war preparedness program, we think the net return on sales, after renegotiation, is fair. Taking the record as a whole, we conclude that petitioner has failed to prove that its excessive profits were less in amount than those determined by the respondent.

The respondent contends that the petitioner's renegotiable sales were greater than the amount determined by him, viz., $406,691.65, and he therefore asks that the excessive profits be determined in the amount of $250,000. It is incumbent upon respondent to prove the facts in support of his claim for an increased amount of excessive profits, a burden which he has failed to sustain. *Nathan Cohen*, 7 T. C. 1002.

Petitioner finally contends for an adjustment on account of accelerated amortization under section 124 (d) of the Internal Revenue Code. One of its officers testified that in connection with the compromise of the tax deficiencies there was an additional allowance of $10,517.49 attributable to accelerated amortization. Assuming without deciding that this is a matter to be considered by this Court, the record fails to contain a certificate from the Bureau of Internal Revenue of any official action in that regard, such as is required to obtain a renegotiation rebate. The petitioner should follow the procedure provided by section 403 (a) (4) (D) of the Renegotiation Act, paragraphs 383.2 and 383.3 of the Renegotiation Regulations, and Mim. 6023, 1946-2 C. B. 187, by filing claim for a net renegotiation rebate.

Reviewed by the Court.

*An order will issue in accordance herewith.*